UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Keith H.,[1]

              Plaintiff,

      v.                                                          23-CV-0374-LJV
                                                                            DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

_____

On April 28, 2023, the plaintiff, Keith H. ("Keith"), brought this action under the Social Security Act ("the Act"). Docket Item 1. He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled.[2] *Id.* On August 30, 2023, Keith moved for judgment on the pleadings, Docket Item 11; on September 29, 2023, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 12; and on October 13, 2023, Keith replied, Docket Item 13.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Keith applied for Disability Insurance Benefits ("DIB"), which includes any adult with a disability who, based on his quarters of qualifying work, meets the Act's insured-status requirements. *See* 42 U.S.C. § 423(c); *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989).

For the reasons that follow, this Court grants Keith's motion in part and denies the Commissioner's cross-motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

more than one rational interpretation, the Commissioner's conclusion must be upheld."). But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## **DISCUSSION**

### I.    **THE ALJ'S DECISION**

On October 2, 2019, the ALJ found that Keith had not been under a disability since his alleged onset date of August 18, 2016.  *See* Docket Item 5 at 22.[4]  The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a) and 416.920(a).  *See id.*

At step one, the ALJ found that Keith "ha[d] not engaged in substantial gainful activity since . . . the alleged onset date."  *Id.* at 24.  At step two, the ALJ found that Keith suffered from several severe, medically determinable impairments: "cervical and lumbar spine degenerative disc disease, status post cervical spine discectomy and

---

[4] On August 9, 2017, Keith applied for DIB.  Docket Item 5 at 157-63.  After the ALJ found in October 2019 that he was not entitled to benefits, Keith submitted a request for reconsideration on November 22, 2019.  *Id.* at 148.  Apparently, that request was made on the incorrect form, and more than two years later, on April 29, 2022, Keith's counsel submitted a letter correcting the mistake and advising that he was never notified that the November 2019 request was made incorrectly.  *Id.* at 152.  In any event, on July 2, 2022, the office of Appellate Operations sent a letter to Keith's counsel acknowledging that they had received and would process Keith's request for review.  *Id.* at 14-15.  And on March 20, 2023, the Appeals Council denied Keith's request, after which he timely commenced this action.  *Id.* at 6-9; Docket Item 1.

fusion surgery residuals, right knee degenerative joint disease with chondromalacia patellae[,] and obesity." *Id.*

At step three, the ALJ found that Keith's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See id.* at 25. More specifically, the ALJ found that Keith's physical impairments did not meet or medically equal listing 1.02 (degenerative joint disease), 1.03 (degenerative disc disease), or 1.04 (disorders of the spine). *Id.*

The ALJ then found that Keith had the residual functional capacity ("RFC")[5] to "perform sedentary work as defined in 20 C[.]F[.]R[. §] 404.1567(a)" except that:

> [Keith] can never climb ramps and stairs; never climb ladders, ropes, or scaffolds; [and] never balance; [he can] stoop occasionally[ but] never kneel, never crouch, [and] never crawl; and [he] requires a sit/stand option, changing positions every 10 to 15 minutes.

*Id.* at 25.

At step four, the ALJ found that Keith no longer could perform any past relevant work. *Id.* at 32. But given Keith's age, education, and RFC, the ALJ found at step five that Keith could perform substantial gainful activity as a nut sorter, final assembler, and table worker. *Id.* at 34; *see Dictionary of Occupational Titles* 521.687-086, 1991 WL 674226 (Jan. 1, 2016); *id.* at 713.687-018, 1991 WL 679271 (Jan. 1, 2016); *id.* at 739.687-182, 1991 WL 680217 (Jan. 1, 2016). Therefore, the ALJ found that Keith was not entitled to DIB. *See* Docket Item 5 at 34.

---

[5] A claimant's RFC is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*; *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

## II.    ALLEGATIONS

Keith argues that the Commissioner erred in four ways.  Docket Item 11-1 at 1.
First, he argues that the Appeals Council failed to properly evaluate new and material
evidence that undermined the ALJ's conclusions.  *Id.* at 16-18.  Second, he argues that
the ALJ failed to incorporate Keith's use of a cane into the RFC or even to assess
whether a cane was medically necessary.  *Id.* at 18-21.  Third, he argues that the RFC
determination was based on the ALJ's lay interpretation of the medical evidence.  *Id.* at
21-25.  Finally, he argues that the ALJ erred by failing to develop the record with a
medical opinion from a treating or examining source that assessed Keith's functional
abilities.  *Id.* at 26-28.  This Court agrees that the Appeals Council erred and, because
that error was to Keith's prejudice, remands the matter to the Commissioner.

## III.    ANALYSIS

Social Security regulations permit a claimant to submit additional evidence to the
Appeals Council in support of a Request for Review, and the Appeals Council must
accept the evidence as long as it is new, is material, and relates to the period on or
before the date of the ALJ's decision.  *Hightower v. Colvin,* 2013 WL 3784155, at *3
(W.D.N.Y. Jul. 18, 2013) (citing 20 C.F.R. §§ 416.1470(b), 416.1476(b)(1)).  Evidence is
new "if it did not exist prior to the ALJ's decision and is not cumulative of what is already
in the record." *Anthony P.B. v. Comm'r of Soc. Sec.,* 2021 WL 288769, at *3 (W.D.N.Y.
Jan. 28, 2021) (citing *Pollard v. Halter,* 377 F.3d 183, 193 (2d Cir. 2004) (summary
order)).  "Evidence is material if it is relevant to the claimant's condition during the time
period for which benefits were denied and there is a reasonable probability that it would
have influenced the Commissioner to decide the claimant's application differently." *King*

*v. Comm'r of Soc. Sec.,* 2020 WL 5248473, at *1 (W.D.N.Y. Sep. 2, 2020) (citing *Webb v. Apfel,* 2000 WL 1269733, at *14 (W.D.N.Y. Feb. 8, 2000); *cf. L.M. v. Kijakazi,* 2022 WL 16822134, at *7 (D. Vt. Aug. 29, 2022) ("Evidence that post-dates an ALJ's decision can be material if it sheds light on the severity and continuity of the plaintiff's preexisting impairments.") (internal alterations, citations, and quotations omitted).  Such evidence also would relate to the period on or before the date of the ALJ's decision.  *Knight v. Astrue,* 2011 WL 4073603, at *13 (E.D.N.Y. Sep. 13, 2011) ("As long as the evidence relates back to the period for which disability benefits were denied, the evidence is considered to be material.").

"[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision."  *Perez v. Chater,* 77 F.3d 41, 45 (2d Cir. 1996).  "If the Appeals Council fails to fulfill its obligations under [section] 416.1470(b), 'the proper course for the reviewing court is to remand [to the ALJ] for reconsideration in light of the new evidence.'"  *Hollinsworth v. Colvin,* 2016 WL 544298, at *3 (W.D.N.Y. Oct. 6, 2016) (citing *McIntire v. Astrue,* 809 F. Supp. 2d 13, 21 (D. Conn. 2010)).  Although weighing the evidence and resolving conflicts is within the province of the Commissioner, courts in this circuit have not hesitated to remand when new evidence "undercuts" the ALJ's reasoning.  *See e.g., King*, 2020 WL 52484723, at *5-6 (citing *Lugo v. Berryhill*, 390 F. Supp. 3d 453, 460-61 (S.D.N.Y. 2019) (remanding where Appeals Council rejected new evidence based on reasonable probability standard but failed "to come to grips with the fact that the new evidence undercut[ ] the stated rationale of the ALJ"); *Stratton v. Colvin*, 51 F. Supp. 3d 212, 218-19 (N.D.N.Y. 2014) (remanding where Appeals Council

cursorily rejected new medical opinion that provided context to earlier medical opinion rejected by ALJ and addressed issues raised by ALJ in rejecting earlier opinion).

The new evidence that Keith submitted to the Appeals Council comprised more than seven hundred pages of medical records from several providers. Docket Item 9 at 1-778. The Appeals Council gave three reasons for rejecting those records. Docket Item 5 at 7. First, the Appeals Council found that the records of Vikas Pilly, M.D., dated June 14, 2019, were not "new" because they were part of the previous transcript. *Id.* Second, the Appeals Council found that the records of Su Zhan, M.D.; John C. Karpie, M.D.; In Touch Adult Health; and Gillezeau Chiropractic did "not show a reasonable probability that [they] would change the outcome of the decision." *Id.* Third, the Appeals Council found that the remaining evidence "does not relate to the period at issue and therefore does not affect the [ALJ's] decision." *Id.*

The Appeals Council erred, both legally and factually, when it found that evidence from around the time the ALJ rendered his decision did "not show a reasonable probability that it would change the outcome." Docket Item 5 at 7.

First, the Appeals Council determined that the bulk of the new evidence did not relate to the period at issue because it was dated after the ALJ issued his decision. *See* Docket Item 5 at 7. But such conclusive reasoning is not sufficient to address whether the evidence relates to the period at issue, and courts in this circuit repeatedly have held that evidence dated after the date of the ALJ's decision might relate to the period at issue. *See, e.g., Stacie K. v. Comm'r of Soc. Sec.,* 2022 WL 4128896, at \*4 (W.D.N.Y. Sep. 12, 2022) (remanding where the Appeals Council rejected evidence because it was dated after the ALJ rendered the decision when that evidence nevertheless related

back to the claimant's severe impairments); *Leonard v. Colvin,* 2017 WL 496072, at *5 (E.D.N.Y. Feb. 6, 2017) ("[T]he date alone of new evidence is not determinative if it relates back to the relevant period."); *Hightower,* 2013 WL 3784155, at *3 (citing *Brown v. Apfel,* 174 F.3d 59, 64-65 (2d Cir. 1999) ("Additional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the [claimant]."). Indeed, it is little more than common sense to say that medical procedures or exams done shortly after an ALJ's decision might well shed light on the claimant's condition when the decision was rendered. *Cf. Santiago-Jimenez v. Comm'r of Soc. Sec.,* 2016 WL 5942318, at *3 (S.D.N.Y Oct. 13, 2016) (remanding where "two new reports . . . issued within months of the ALJ decision . . . indicated that [p]laintiff's condition was more severe than the ALJ originally assessed.").

And as a matter of fact, the evidence that the Appeals Council rejected here certainly related to a key issue during the relevant period. Most basically, the evidence supported Keith's testimony that he had been prescribed a cane because a cane was medically necessary.[6] For example, newly submitted records from the Buffalo Orthopaedic Group dated July 18, 2019, noted that Keith walked with a limp and that his treating orthopedist "provide[d] him with a cane as he has been borrowing his mother's cane." *See* Docket Item 9 at 771-72. Similarly, records from In Touch Adult Health NPs, P.C.—dated September 18, 2019, just before the ALJ's decision, and October 15, 2019, less than two weeks after it—noted that Keith had issues with his gait and

---

[6] As noted above, the evidence rejected by the Appeals Council comprises more than 700 pages of medical evidence. *See* Docket Item 9 at 1-778. This Court's review focuses only on the new evidence related to Keith's use of a cane.

"utilitze[d] a cane for gait support."  *Id.* at 747, 749, 753, 755.  Medical records from Trinity Medical Orthopaedics dated October 24, 2019, likewise noted that Keith "has been using a cane, which he feels helps him."  *Id.* at 767.  And records from neurosurgeon Eric P. Roger, M.D., dated December 3, 2019, also noted that Keith was using a cane as an ambulatory device.  *Id.* at 773-77.[7]

That new material may well have changed the ALJ's view of the evidence and whether use of a cane should have been incorporated into the RFC.  In fact, as the Commissioner observes, the ALJ explicitly noted that Keith claimed to need a cane to help him walk and stand, "cited evidence at odds with that statement," ultimately "assessed an RFC that did not include cane use," and therefore necessarily decided that Keith did not need a cane.  *See* Docket item 12-1 at 15.  Along the same lines, the Commissioner says that "the record before the ALJ did not include any evidence of cane use, save for [Keith's] own testimony."  *See id.*  So new evidence showing the prescription and regular use of a cane around the time of the ALJ's decision might well have tipped the balance in Keith's favor on that issue.  *See Leonard,* 2017 WL 496072, at *5 ("If the Appeals Council did evaluate whether the evidence related back to the relevant period and concluded it did not, this was also error.  The 2015 report is consistent with Dr. Lattuga's prior report and substantiated [p]laintiff's ongoing

---

[7] In fact, beginning in July 2017 and running through August 2023, numerous medical records note that Keith used a cane as an assistive walking device and for gait support.  *See, e.g.,* Docket Item 9 at 12, 17, 21, 25, 29, 31, 35, 37-38, 41, 43-44, 47, 49-50, 53, 55-56, 66, 68-9, 72, 75, 78, 80-81, 86, 165, 169, 173, 177, 179-80, 184, 186-87, 191, 193-94, 197, 199-200, 204, 206-07, 210, 212, 216, 218, 309, 316, 318, 320, 324, 326, 432, 434, 439, 442, 444, 448, 450, 454, 456, 467, 482, 738, 741, 747, 749, 753, 755, 758, 771, 776.

complaints regarding the intensity, persistence, and limiting effects of his claimed disability.").

The Commissioner argues that "[t]he burden is on the claimant to establish that a[ cane] is medically necessary" and that medical necessity includes both the need for the device and "the circumstances for which it is needed." *See* Docket Item 12-1 at 14.[8] But that misses the point. The question is not whether the medical evidence conclusively established that Keith needed a cane; it is whether the new evidence of prescription and use of a cane might have changed the ALJ's decision that he did not need one. *Cf. Tricarico v. Colvin,* 681 F. App'x 98, 102 (2d Cir. 2017). And for the reasons stated above, the answer to that question is yes.

The Commissioner also argues that the physician who prescribed the cane observed that Keith "had a normal gait" at that same visit. Docket Item 12-1 at 17 (citing Docket Item 9 at 771-72). But while that medical record indeed includes the words "[n]ormal gait," the longer narrative in that record notes that Keith "walk[s] with a limp" and details the significant back and knee issues that might be responsible for that limp—significantly including a specialist's recommendation of a knee replacement. *See*

---

[8] For a cane to be medically necessary, "there must be medical documentation establishing the need for [the cane] to aid in walking or standing[ ] and describing the circumstances for which it is needed." SSR 96-9p, 1996 WL 374185, at *7 (Jul. 2, 1996). If those factors are present, the ALJ *must* incorporate the claimant's use of the cane into the RFC. *See Scott v. Berryhill*, 2018 WL 4442882, at *5 (W.D.N.Y. Sep. 17, 2018). But that does not mean that an ALJ cannot incorporate a cane that has been prescribed for a claimant into the RFC when the prescription does not detail the circumstances in which it is needed. Indeed, "a cane need not be prescribed to be considered medically necessary[.]" *Allen v. Comm'r of Soc. Sec.,* 2016 WL 996381, at *7 (N.D.N.Y. Feb. 22, 2016).

Docket Item 9 at 771. So the notation "[n]ormal gait" either was an error or meant something different than the Commissioner urges.

The Commissioner also points to evidence in the record that Keith did not use a cane, including Keith's "own prior denial of cane use." *See* Docket item 12-1 at 15 (citing Docket Item 5 at 27-30). But much of the evidence to which the Commissioner refers dates back to 2016 and 2017, years before the ALJ's decision. *See, e.g.*, Docket Item 5 at 27 (citing *id*. at 212, August 2017 functional report that Keith did not use a cane); *id*. at 28 (citing *id*. at 1028, October 2016 exam reporting same). And that is even more reason that the Appeals Council erred in rejecting the newer evidence of cane use. *Barbara W. v. Comm'r of Soc. Sec.,* 541 F. Supp. 3d 296, 303 (W.D.N.Y. 2021) ("In sum, the new evidence presented by [p]laintiff at the very least suggests that, during the relevant time period, her condition was more serious than previously thought.") (internal quotation marks and citation omitted).

For all those reasons, the evidence rejected by the Appeals Council presented a reasonable possibility that the ALJ may well have decided Keith's claim differently, and may well have included Keith's use of a cane as part of the RFC, had the new evidence been presented to him. *See Daniella A. v. Comm'r of Soc. Sec.,* 2023 WL 155424, at *5 (W.D.N.Y. Jan. 11, 2023) ("[W]hile it is possible that the 2020 opinions . . . might not be relevant to the period at issue, it is just as possible that the opinions clarify Daniella's . . . severe impairments during the relevant time period.") (citations omitted). Stated another way, if the ALJ "had the opportunity to review" the new evidence, "it is reasonably probable that . . . he would have reached a different conclusion regarding [Keith's RFC]." *See Walentynowicz v. Comm'r of Soc. Sec.,* 2024 WL 2972814, at *5

(E.D.N.Y. Jun. 13, 2024).  And this Court therefore remands so that the ALJ can consider that evidence.[9]

## **CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 12, is DENIED, and Keith's motion for judgment on the pleadings, Docket Item 11, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.


SO ORDERED.

Dated:        August 18, 2025
              Buffalo, New York


_Lawrence J. Vilardo_
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[9] The Court "will not reach the remaining issues raised by [Keith] because they may be affected by the ALJ's treatment of this case on remand."  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020).